BLANCO, RESPONDENT, *v.* HERNÁNDEZ ET AL., APPELLANTS.

APPEAL from the District Court of Mayagüez.

No. 935.—Decided June 23, 1913.

PRESCRIPTION — ACTION FOR DAMAGES — COMPUTATION OF TIME — INCOMPLETE RECORD.—In this case a property belonging to the plaintiff was sold at public auction. The proceedings were not brought against the plaintiff but by one of the defendants against the other, who appeared to be the owner of the property in question but really was not. The date of the record of the sale in the registry is not shown in the transcript of the record. It was held: That the fact that there was such public sale did not imply necessarily that the plaintiff had knowledge of it, for which reason the date thereof cannot serve as a starting point for the computation of the period prescribed by law for the bringing of an action for damages, and as the date of the record of the sale in the registry of property is not shown in the transcript of the record, neither can said date be considered for that purpose.

CONSPIRACY TO DEFRAUD—DAMAGES.—It was shown that defendant A. H. M. conspired with defendant F. F. L. and sued him to recover a fictitious debt; that judgment was rendered and execution levied on a property which appeared recorded in the registry in the name of defendant F. F. L., but which really belonged to the plaintiff, as the defendants knew; that it was the intention of the defendants in acting thus to defraud the plaintiff, who was compelled to institute legal proceedings and incur expenses to clear her title and record it in the registry of property. It was held that said facts constitute a conspiracy to defraud the plaintiff and that the plaintiff was entitled to recover from the defendants the damages she had suffered thereby.

ID.—ESTIMATE OF COMPENSATION.—After reviewing the evidence and the circumstances of the case, the sum of $600 fixed by the trial court as damages is accepted as a fair and reasonable amount.

The facts are stated in the opinion.

*Mr. Leopoldo Felíu* for respondent.

*Mr. José Sabater* for Agustín Hernández Mena.

*Mr. William J. Santos* for Francisco Falagán.

MR. JUSTICE DEL TORO delivered the opinion of the court.

On November 16, 1911, Alejandrina Blanco Ramírez brought an action for damages against Agustín Hernández Mena and Francisco Falagán Lobato in the District Court of Mayagüez. The defendants filed separate demurrers and answers to the complaint and Hernández Mena filed a counterclaim which was stricken out by the court on motion of the plaintiff.

The trial having been held, the court declared the following facts to have been proven:

"That on June 22, 1910, in summary foreclosure proceedings instituted in this district court—case No. 2704 of its civil docket—by Alejandrina Blanco y Ramírez, plaintiff, against the defendants herein, Agustín Hernández Mena, and Manuel, Francisco, Emilio and Agripina C. Arán y Cuascú, the plaintiff acquired at the judicial sale made by the marshal of the said district court the absolute ownership of an undivided seven-eighths part of the property described in the second count of the complaint as a two-story rubble-work building, with a balcony surrounding the same, which fronts on San José Street, and the lot on which it stands; that the said foreclosure proceedings were brought by the plaintiff against the said defendants to recover a credit secured to the plaintiff by a mortgage on the said property, which mortgage is recorded in the registry of property; that the defendant herein, Agustín Hernández Mena, was made a defendant in said proceedings, he having acquired said property by virtue of a civil action brought by him in the Municipal Court of Mayagüez—case No. 145 of its civil docket—against Inocencia C., widow of Arán, the property having been duly conveyed to him by a public deed, which he recorded in the registry of property; that said property remained subject to the mortgage lien in favor of the plaintiff, Alejandrina Blanco Ramírez.

"That subsequently, on September 7, 1910, when the adjudication which was made of said property to the plaintiff in the said foreclosure proceedings had not yet been recorded and while the said property so adjudicated was still recorded in the name of the defendant, Agustín Hernández Mena, in the registry of property, said defendant, Agustín Hernández Mena, maliciously and fraudulently, by agreement and in combination with the other defendant, Francisco Falagán Lobato, plotted and conspired for the purpose of committing an act intended to defraud the plaintiff and to pervert and obstruct justice and the due administration of the law, thereby compelling the plaintiff to enter into litigation and incur expenses; that under and by virtue of said conspiracy and by mutual agreement the defendant, Agustín Hernández Mena, dissemblingly caused himself to be sued by the other defendant in this action, Francisco Falagán y Lobato, in the Municipal Court of Mayagüez for the recovery of a pretended and fictitious debt of $500, which action was entered in the civil docket of that court under No. 526; that the defendant, Agustín Hernández Mena,

allowed judgment to be entered against him by default for the said sum of $500, which judgment was entered on September 20, 1910.

"That subsequently, by mutual agreement and in furtherance and by virtue of the aforesaid conspiracy entered into by the defendants, Agustín Hernández Mena and Francisco Falagán Lobato, defendant Falagán Lobato, without having first exhausted his rights in said proceeding in the municipal court against the personal property of his pseudo-defendant and taking advantage of the fact that the title of the plaintiff, Alejandrina Blanco y Ramírez, to the property described in the second count of the complaint had not been recorded in the registry of property, but that the adjudication which had been made previously of the same property to the defendant, Agustín Hernández Mena, in the action which he brought against Inocencia C., widow of Arán, in the municipal court under No. 145, had been recorded, caused the marshal of the Municipal Court of Mayagüez to levy on the aforesaid property or share of the plaintiff, Alejandrina Blanco Ramírez, described in the second count of the complaint, to satisfy the judgment for $500 with interest and costs thus fraudulently obtained, and also caused a writ of execution to issue to satisfy said judgment.

"That thereafter, still in the advancement of their said conspiracy and acting in accord with each other, the said defendants, Hernández Mena and Falagán Lobato, caused the said property to be sold at public auction by virtue of said levy and writ of execution; that the sale took place on November 7, 1910, at 9 a. m., when the property was struck off to the said defendant, Francisco Falagán Lobato, for the sum of $400, which said Francisco Falagán Lobato credited on the account; that a deed of adjudication at public auction of said property was executed by the marshal of the municipal court on November 9, 1910, before Notary Mariano Riera Palmer under No. 592, which deed was recorded by the defendant, Francisco Falagán Lobato, in the Registry of Property of Mayagüez in volume 92 of said municipality as property No. 2594, in triplicate, eleventh inscription, folio 246.

"That by reason of the foregoing proceedings and acts of the defendants, which are held to be proven, the plaintiff, Alejandrina Blanco y Ramírez, was unlawfully prevented for some time from recording her title in the registry of property and was compelled to incur expenses in judicial proceedings, of which expenses her attorney's fees alone amounted to $200, besides paying for stamps for the registry, traveling expenses and making necessary disbursements in connection with the recording of the said property in the registry."

Based upon the foregoing facts and after a close and detailed analysis of the evidence introduced, the trial judge considered that he was justified in rendering judgment against the defendants jointly and severally for the sum of $600 as damages, together with the costs, disbursements and attorney's fees. Said judgment was entered on September 25, 1912, and the defendants have taken the present appeal therefrom.

The grounds of appeal may be summarized as follows:

1. That the action for damages had prescribed by operation of law when the complaint was filed.

2. That the complaint does not state facts sufficient to constitute a cause of action for damages.

3. That the plaintiff did not prove the existence of the alleged conspiracy; and

4. That neither did the plaintiff prove any positive damage nor the amount thereof.

Let us consider the first ground. The respondent contends in her brief. that the plea of prescription was not entered within the required time nor in the proper manner; that said plea was not considered by the trial court and should not be considered by this court. We will dispense with these objections and consider the contention as presented by the appellants. The appellants allege that the plaintiff knew on November 7, 1910, that the marshal had sold the property to Falagán Lobato and that she did not bring action until November 16, 1911, or after the expiration of the year fixed by law for the institution of actions for damages. We have examined the complaint and the evidence introduced and fail to find anything in either to show that the plaintiff knew on November 7, 1910, that the property had been sold to Falagán Lobato, or that on that date she was aware of the existence of the conspiracy which she afterwards alleged in her complaint. All that is shown and which was held by the trial court to have been proven is that the property in question was sold to Falagán Lobato at public auction on November 7, 1910, but

this does not imply necessarily that the plaintiff was aware of the same. The date of the recording of the sale in the registry of property was not shown in the transcript of the record.

The party whose duty it was to give this court the necessary basis for the computation of the period for prescription having failed to do so, we are unable to take the same into consideration.

Let us pass to the second ground. The complaint alleges substantially the same facts as those declared by the trial court to have been proven and if they are true, a mere perusal of them is sufficient to show that the plaintiff has a good cause of action against the defendants.

We will consider the third ground. We have already stated that the court made a close and detailed examination of the documentary and oral evidence. We will not reproduce it here in full as that would lengthen unnecessarily this opinion, but will make a brief summary thereof. Unquestionable typewritten documents written by Hernández Mena and the record of the case brought by Falagán against Hernández in the municipal court were introduced. After a careful comparison thereof and notwithstanding that Hernández Mena testified under oath at the trial that he had not written the complaint in the action brought by Falagán against Hernández, the court concluded that the paper was identical and also the kind of typewriter used showing the same unevenness of alignment. At the trial Falagán testified that he had typewritten the complaint; that he could operate a typewriter in a way by picking at the keys with his fingers, but that he made frequent errors. The court examined the complaint and not finding any errors therein did not credit his testimony.

Hernández Mena testified that he did not present the complaint in question to the municipal court. The deputy secretary of the said court testified that Hernández had presented the complaint personally and made the necessary deposit. The court believed the secretary and not Hernández.

The court gave credit to the testimony of Notary Riera Palmer that Hernández Mena in person delivered to him, already prepared for legalization, the deed of sale executed by the marshal of the municipal court in favor of Falagán in the said action and a copy of the same.

The court weighed the fact that Hernández Mena, known by the court as an untiring and stubborn litigant, allowed judgment to go against him by default in said action without entering any plea in his own defense.

On the strength of the testimony of Attorney Benet and the secretary of the district court and a certificate of the registrar of property, the court found that Manuel Parra, a messenger and employe of Hernández Mena, had performed certain acts which he alleged were in the name and for the benefit of Falagán in the matter treated of.

In short, the court deduced the conspiracy of the defendants from their own testimony. They were intimate friends. The amount recovered by Falagán from Hernández by a legal action was claimed by them to have originated in a loan which was not evidenced in writing and did not appear on Falagán's books notwithstanding the fact that Hernández had a current account therein.

The foregoing and other circumstances set out by the court and appearing from the evidence show that the trial court did not err in deciding that the existence of a conspiracy on the part of the defendants to defraud or at least to place obstacles that would impede the plaintiff in the exercise of her right, had been proven.

After examining the fourth ground of appeal let us see whether or not the court erred in finding that there were positive damages in this case and in fixing the amount thereof.

A title of ownership had already been executed in favor of the plaintiff as the result of an action brought by her. On going to the registry to record the same she found she could not do so because, owing to the conspiracy of the defendants, the property was recorded in the name of another person.

Therefore, she was compelled to institute legal proceedings to clear up her situation. This caused her expenses. The trial court found that the plaintiff had paid $200 for attorney's fees alone, and that she had incurred other expenses, such as stamps, traveling expenses, etc. There can be no doubt, then, as to the existence of positive damages. We regard the amount of $600 fixed by the court as reasonable, and as no forcible argument has been presented to oblige us to reduce the amount, we believe that, considering the circumstances of the case, we should not change it.

Included in the record is a bill of exceptions containing eight exceptions relative to the evidence. These exceptions are not sustained in the brief of appellants. We have examined them and in our opinion they were decided correctly by the district court.

We have also reviewed the decision of the court relative to the striking out of the counterclaim and find the same to be entirely correct.

The appeal should be dismissed and the judgment appealed from affirmed.

*Affirmed.*

Chief Justice Hernández and Justices MacLeary, Wolf and Aldrey concurred.